In re FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF MINNEAPOLIS, a United States of America corporation, Plaintiff,

v.

David Anthony WHITEBREAD, a/k/a David A. Whitebread, and Jeanne Marie Whitebread, a/k/a Jeanne M. Whitebread, Defendants.

Arising in or Related to Bankruptcy Case of David Anthony Whitebread, a/k/a David A. Whitebread, and Jeanne Marie Whitebread, a/k/a Jeanne M. Whitebread, Debtors.

Bankruptcy No. 4–80–1698(N).
Adv. No. 4–81–477(O).

United States Bankruptcy Court,
D. Minnesota.

March 4, 1982.

Barbara G. Stuart, Minneapolis, Minn., for plaintiff.

Richard P. Tuohy, St. Paul, Minn., for debtors.

MEMORANDUM ORDER

KENNETH G. OWENS, Bankruptcy Judge.

This adversary proceeding involves a mortgage on the homestead of the debtors. The mortgage is dated May 17, 1979. The debtors assumed the mortgage upon purchase of the premises on July 24, 1979. There is a default in the payments due on the mortgage. The plaintiff requests that the automatic stay be terminated so that it may commence foreclosure proceedings. The monthly payments due were $493.00 plus $18.28 late charge less an insurance adjustment for six monthly payments in 1981. Final hearing was held on January 6, 1982, plaintiff appearing by Barbara G. Stuart and debtors by Richard P. Tuohy.

The chapter 13 case was commenced by petition filed on October 20, 1980. At that time, the default in monthly payments on the mortgage totalled $2,076.54. Since that time, through December 31, 1981, the payments due totalled $6,942.04, including late charges, and payments made totalled $5,380.00, resulting in a further default in payments of $1,562.04, for a total default as of December 31, 1981, of $3,638.58. Under the chapter 13 plan, confirmed by the court on January 5, 1981, the debtors undertook to "cure defaults within a reasonable time and maintain payments due on the mortgage".

It is apparent that debtors have not maintained the payments due postpetition. This court has previously determined that more than 12 months is ordinarily not a reasonable time to cure a default in prepetition homestead mortgage payments under 11 U.S.C. Sec. 1322(b)(5) (see *First National Bank v. Smith*, ADV 4–81–160, BKY 4–81–625). It is equally apparent therefore that debtors have not cured the default in payments due prepetition within a reasonable time.

ACCORDINGLY, IT IS ORDERED:

1. The automatic stay provided by 11 U.S.C. Sec. 362(a) is terminated with respect to the plaintiff's mortgage on real property known as Lot 13, Block 2, Netta Shores Addition, in Anoka County, Minnesota.

2. This order is stayed until March 31, 1982, to permit the debtors to (a) make payment to plaintiff of $3,638.58 plus payments due in 1982 or (b) negotiate other arrangements for such payments with plaintiff.

3. The foregoing memorandum order shall constitute findings of fact and conclusions of law under Bankruptcy Rule 752.

Dated: March 4, 1982.